**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN G. EAKIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-39 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BOROUGH OF POLK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Defendants Borough of Polk, Edward Sharp, Jr. and Alan K. Heller ("Polk Defendants")
and Defendant Township of Frenchcreek's Motions to Dismiss ("Polk Def. MTD," Doc. 13 and
"Frenchcreek Def. MTD," Doc. 15, respectively) are granted.

Plaintiff originally filed a Complaint (Doc. 1) in the Court of Common Pleas of Venango
County, alleging three counts of various constitutional and state law rights violations against the
named Defendants, stemming from Plaintiff's arrest due to what he alleges was an unlawful traffic
stop. Defendants removed the case to this Court, where, after initial briefing, Plaintiff filed an
Amended Complaint ("AC," Doc. 11). According to Plaintiff, Defendants Sharp and Heller,
employees of the Polk Borough Police Department, conducted an unlawful traffic stop in
Frenchcreek Township, detaining Plaintiff under suspicion of driving under the influence and
subsequently arresting and filing criminal charges against him. AC ¶¶6-7, 11-16.

Plaintiff alleges that Defendants Sharp and Heller lacked jurisdiction to stop, arrest and file
charges against him because the intergovernmental cooperation agreement (ICA) between Polk
and Frenchcreek was invalid and unenforceable. Id. at ¶18. Specifically, Plaintiff argues the
following: (1) all Defendants violated his rights under the Fourth and Fourteenth Amendments by

unlawfully stopping, searching, detaining, arresting and prosecuting him; (2) all Defendants violated Plaintiff's rights under Article 1, Section 8, of the Pennsylvania State Constitution by unlawfully stopping, searching, detaining, arresting and prosecuting Plaintiff; and (3) Defendants Sharp and Heller "officially oppress[ed]" Plaintiff's right to a preliminary hearing in contravention of the local rules of criminal procedure of Venango County.  Id. at ¶¶35, 38 and 42.

Defendants filed their respective Motions to Dismiss, along with Briefs in Support ("Polk Def. Brief ISO," Doc. 14 and "Frenchcreek Def. Brief ISO," Doc. 16).  Plaintiff did not file an opposition.

I.    **MEMORANDUM**

The Court finds that some of Plaintiff's claims may be curable by amendment, whereas others are futile under the law, and shall give Plaintiff leave to amend certain of those claims consistent with the Order *infra*.

a.  **Count I: Violation of Plaintiff's Fourth and Fourteenth Amendment Rights.**

Plaintiff argues that Defendants Heller and Sharp unlawfully stopped, searched, detained and arrested him in Frenchcreek and engaged in malicious prosecution in violation of his Fourth Amendment rights against both Defendants regarding the ensuing criminal case against him.  He alleges also that Defendant Polk failed to train its law enforcement officers properly on jurisdictional operation and that Defendant Frenchcreek failed to properly oversee police operations by Defendants Polk, Sharp and Heller.  The Court finds that, as the Complaint stands, Plaintiff has failed to plead facts sufficient under the law but notes that such defects may be curable by amendment.

### i. Defendants Sharp and Heller

In order to prevail on his Fourth Amendment false arrest related allegations, Plaintiff would have to argue a lack of probable cause, or more than just a jurisdictional defect.  The Court of Appeals for the Third Circuit has clearly held that "the Fourth Amendment is not violated when an otherwise-valid arrest is secured in contravention of a state law regulating the intrastate rules of municipal jurisdiction." <u>Wallace v. Fegan</u>, 455 Fed. Appx. 137, 139 (3d Cir. Dec. 16, 2011).  Plaintiff has not made any arguments as to the legality of the arrest except for the lack of jurisdiction.   Further, there is no indication that Defendants knew that the ICA was invalid at the time of Plaintiff's arrest—the only facts pleaded in the Amended Complaint state that Defendants became aware as of December 2017, months after the arrest.

As to his argument of malicious prosecution under the Fourth Amendment, Plaintiff also has not argued that the proceedings terminated in his favor, that Defendants lacked probable cause to instigate the proceedings or otherwise acted maliciously.  *See* <u>Johnson v. Knorr</u>, 477 F.3d 75, 81-82 (3d Cir. 2007).  Plaintiff appears to base his argument on the notion that because Defendants were alerted to the invalidity of the ICA in December 2017, they ought to have terminated criminal proceedings against him at that point.  AC ¶25.  This fact does not support the requirements under <u>Johnson</u> to demonstrate malicious prosecution.

The Court is unclear as to the nature of Plaintiff's Fourteenth Amendment allegations.  None of the facts that he alleged appear to support a substantive due process violation or any other violation under the Fourteenth Amendment.  Should Plaintiff seek to re-plead those allegations, he is reminded that he must provide the Court with sufficient facts to state a plausible claim for relief under the Federal Rules of Civil Procedure Rule 8(a)(2).  As Plaintiff has not alleged sufficient facts to prove any violation of his Constitutional rights, the Court need not address Defendants'

3

qualified immunity arguments at this time.   Count I is dismissed without prejudice against Defendants Sharp and Heller.

### ii. Defendant Polk

In this circuit, Section 1983 claims may proceed in two ways: by demonstrating "an unconstitutional policy or custom of the municipality" caused Plaintiff's injuries or that his injuries were "caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice." Forrest v. Parry, 930 F.3d 93, 105 (3d. Cir. 2019) (internal quotations and citations omitted).   Plaintiff has not sufficiently argued either of these prongs.   Further, the Court notes that there cannot be municipal "liabil[ity] in [a] case where there is no finding of individual liability." Ford v. County of Hudson, 729 Fed. Appx. 188, 196 (3d Cir. April 5, 2018). Plaintiff has not yet demonstrated a "constitutional violation, preclud[ing] a finding of municipal liability....  This conclusion follows naturally from the principle that municipal liability will only lie where municipal action actually caused an injury." [1]  Grazier ex rel. White v. City of Philadelphia, 328 F.32 120, 124 (3d Cir. 2003).  Count I against Defendant Polk is dismissed without prejudice.

### iii. Defendant Frenchcreek

Plaintiff does not argue that Defendants Heller and Sharp were employed by Defendant Frenchcreek or that Defendant Frenchcreek had any authority to control or direct them.  The Court was unable to find any instances of municipal liability imposed upon townships based on

---

[1] The Court notes that the Third Circuit has found very limited circumstances where a municipality may "be held independently liable for a substantive due process violation even in situations where none of its employees are liable…" but such liability appears limited to that context and that there must still be a "violation of the plaintiff's constitutional rights."  Brown v. Commonwealth of Pennsylvania Dept. of Health Emergency Medical Services Training Institute, et. al., 318 F.3d 473, 482 (3d. Cir. 2003).

alleged Constitutional violations of individuals who were not employed by the township. Further, Plaintiff has not demonstrated that Frenchcreek had any obligation to oversee Defendants Polk, Heller and Sharp.  To the extent Plaintiff has specific allegations of Constitutional violations by Frenchcreek or facts that would demonstrate that Defendants Heller and Sharp were acting under Frenchcreek's control or directive, he may re-plead his allegations in the time set by the Court.  Count I against Frenchcreek is dismissed without prejudice.

      **b.  Count II: Violation of Pennsylvania Constitutional Rights under Article 1, Section 8.**

As Defendants note, there is no private cause of action for monetary damages in violation of this particular section of the Pennsylvania Constitution.  Nonetheless, other remedies are available to Plaintiff, such as declaratory or prospective relief or request for nominal damages. *See* O'Donnell v. Cumberland County, 195 F. Supp. 3d 724, 730-31 (M.D. Pa. 2016) (noting that while district courts in the Third Circuit have found that there is no private cause of action for monetary damages for violations under Article 1, Section 8 of the Pennsylvania Constitution, other remedies exist).  Should Plaintiff seek to bring this cause of action, he may amend this claim to seek other forms of relief available to him.  Count II is dismissed without prejudice against all Defendants.

      **c.  Count III: Oppression of Plaintiff's Right to a Preliminary Hearing (against Defendants Sharp and Heller).**

According to Plaintiff, Defendants Sharp and Heller "engaged in a scheme" to "oppress" Plaintiff's right to a preliminary hearing by accelerating the hearing before 9:00 A.M., which he argues led to him being incarcerated for two days. AC ¶¶41-44.  However, it appears that the only purported violation would be that of the Venango County Local Rules of Criminal Procedure, regarding the timing of preliminary hearings.  As Defendants note, even assuming

that Defendants were responsible for the timing, as opposed to the Magisterial District Justice, there is no cause of action before this Court for a violation of a local rule.[2]  Polk Def. Brief ISO at 11.  See *P.D. v. Comegno*, 2008 WL 11367520, at *2 (finding that "violation of the Local Rules of [a court does not] give[] rise to a cause of action…. Violations of [local rules] may be sanctionable, but such sanctions are imposed by the Court under the Federal Rules of Civil Procedure, the Local Rules, or the Court's inherent powers; they do not create a private right of action.").  The Court does not find that Defendants' actions are sanctionable under any of the above.  Consequently, Count III is dismissed with prejudice.

## II.   ORDER

Consistent with the foregoing, Defendants' Motions to Dismiss (**Doc. 13** and **Doc. 15**) are **GRANTED**. Count III is **DISMISSED WITH PREJUDICE** as to Defendants Sharp and Heller. Given that the deficiencies in Counts I and II above plausibly may be cured by amendment, however, Plaintiff hereby is granted leave to file an amended complaint on or before **December 23, 2020**.  Should Plaintiff choose to amend, he must be prepared to make a last, best efforts to state viable claims, because additional leave will not be granted.  Finally, if amendment is not timely-filed, Plaintiff will be deemed to stand on his current pleadings, and final judgment for all Defendants will be entered.

---

[2] The Court also notes that, aside from there being no cause of action, Plaintiff's allegations do not appear to show an actual violation of the rules either: while the rule states that the presiding judge shall begin calling cases for hearings starting at 9:00 a.m., it also notes that criminal defendants and counsel should be present for a roll call by 8:30 a.m.. Venango Cnty. Loc. R. Crim. P. 131.1(B), (D)-(F). Thus, the rule appears to contemplate a scenario whereupon the proceedings are predicated on a defendant's arrival prior to 8:30 a.m. and a failure to arrive by that time could result in the defendant's absence being considered a failure to appear.  Id. at (G).

IT IS SO ORDERED.

December 9, 2020                             s\Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

Steven G. Eakin
563 Bucktail Road
Franklin, PA 16323